Opinion of the Court.
Hornblower, C. J.
The plaintiffs declare upon a Bond made by the defendants, payable to Collin Mitchell or his assigns, and allege that he “ assigned and delivered the said bond to one Thomas Vermylia,” and that the said 'Vermylia, “ assigned the said bond to Abr’m. Richard,” and that he “ assigned” it to the plaintiffs. The defendants plead,
First, Non est factum.
Second, “ That the said supposed assignment in the declaration first mentioned, is not the deed of the said Collin Mitchell,” and
Thirdly, “ That there is not any such assignment of the said supposed writing obligatory in the said declaration mentioned, in manner and form as the said plaintiffs have above in their said declaration alleged.”
. The motion is to strike out the second plea, on the ground, that it is no answer to any averment iu the declaration. On the part of the defendants it is insisted, that the declaration avers an assignment of the bond: that such assignment can only be by deed ; and that therefore the plea is pertinent to the allegation. Two questions seem to be involved in the arguments presented by counsel. First, Whether a bond can be assigned at law, except by deed; and Secondly, If so, whether it is necessary in pleading, to state the assignment as so made. Neither of these questions can be settled in this summary way. If the defendants suppose the assignment ought to be by deed, and that it *251 ought to have been so stated in the declaration, they might have raised the question directly by a demurrer. But if on the other hand they suppose, that though the assignment must be by deed, it is not necessary to allege, that it was so done, then their third plea will compel the plaintiffs on the trial to prove due and legal assignments. So that either way, the second plea is improper and unnecessary. It is no answer to any allegation in the declaration, and ought therefore to be stricken out. I give no opinion as to the question, whether upon the general issue, the plaintiff would not be bound to prove the assignments as set out by him, in order to show his title to the bond; without any plea denying such assignments. Nor whether the assignment at law, of a bond, must be by deed only: or if so, whether it ought to be so stated in the declaration. These questions cannot be settled on this motion. Let the second plea be struck out, with costs.

Plea struck out.

Cited in Allen v. Pancoast, Spencer 73; Hogencamp v. Ackerman, 4 Zab. 137